

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | | |
|---|---|---|
| LEANNA HOPE CROMER, | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 4:23-03885-MGL |
| | § | |
| MARTIN O'MALLEY, *Commissioner of* | § | |
| *Social Security*, | § | |
| Defendant. | § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## AND AFFIRMING DEFENDANT'S FINAL DECISION DENYING BENEFITS

This is a Social Security appeal in which Plaintiff Deanna Hope Cromer (Cromer) seeks judicial review of the final decision of Martin O'Malley (O'Malley) denying her claim for Supplemental Security Income (SSI) and upholding the cessation of prior child disability on March 1, 2021. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting O'Malley's final decision be affirmed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 28, 2024, Cromer filed her objections on March 13, 2024, and O'Malley filed his reply on March 27, 2024. The Court has carefully reviewed Cromer's objections, but holds them to be without merit. It will therefore enter judgment accordingly.

O'Malley determined Cromer's child benefits ceased on March 1, 2021. She contested that determination; but it was upheld upon reconsideration.

The Administrative Law Judge (ALJ) conducted a hearing in October 2022. He issued an unfavorable decision on November 8, 2022, concluding Cromer was unable to show she was disabled within the meaning of the Act as of March 1, 2021, and had not become disabled again since that date.

Cromer filed a request for review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision O'Malley's final decision. Cromer filed this action with the Court on August 7, 2023.

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to her/his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

2

It is the claimant's duty both to produce evidence and prove she is disabled under the Act. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). Nevertheless, the ALJ is to develop the record and when he"fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

It is also the task of the ALJ, not this Court, to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "It is not within the province of this [C]ourt to determine the weight of the evidence; nor is it [the Court's] function to substitute [its] judgment for that of [the defendant] if [the] decision is supported by substantial evidence." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

"And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted) (internal quotation marks omitted).

Consequently, the Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Under the substantial evidence standard, the Court must view the entire record as a whole. *Steurer v. Bowen*, 815 F.2d , 1249, 1250 (8th Cir. 1987).

Although ALJs must sufficiently explain the reasons for their rulings to allow this Court to provide meaningful review, *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013), "the ALJ is not required to address every piece of evidence[;] [instead,] he must . . . build an accurate and logical

bridge from the evidence to his conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (citations omitted). The Court's "general practice, which [it] see[s] no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005).

"[T]he substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Put differently, if the ALJ's "dispositive factual findings are supported by substantial evidence, they must be affirmed, even in cases where contrary findings of an ALJ might also be so supported." *Kellough v. Heckler*, 785 F.2d 1147, 1149 (4th Cir. 1986).

With this legal framework, the Court will consider Cromer's objections to the Magistrate Judge's Report. The Court has teased out two specific objections to the Report from Cromer that warrant discussion. Both relate to the opinion testimony of Dr. Wilson P. Smith Jr. (Dr. Smith), Cromer's treating pulmonologist and sleep specialist.

When considering such testimony, the ALJ is to consider and articulate in the decision how persuasive the medical opinion is based upon the following factors: (1) supportability, (2) consistency, (3) relationship with the claimant (length, frequency, purpose, extent, and examining), (4) specialization, and (5) other factors tending to support or contradict a medical opinion. 20 C.F.R. § 404.1520c(b), (c).

4

Supportability and consistency are the most important factors for consideration; and the ALJ is required to explain how s/he considered the supportability and consistency factors in evaluating the opinion evidence. 20 C.F.R. § 404.1520c(a), (b)(2).

When evaluating the supportability of an opinion, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." 20 C.F.R. § 404.1520c(c)(1). And, in evaluating the consistency of an opinion, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. § 404.1520c(c)(2).

The regulations fail to require the ALJ to provide an explanation as to how the remaining factors were considered. 20 C.F.R. § 404.1520c(b)(2).

Turning now to Cromer's first specific objection, she states "the Magistrate Judge seemingly agrees with [two] of [her] allegations of ALJ error – [1] that the error by finding Dr. Smith opinions related to being off-task to be speculative, and [2] by relying on the fact that Dr. Smith did not have access to or review medical evidence from other sources to reject his opinions." Objections at 2 (citations omitted).

This statement is in reference to the Magistrate Judge statement, "[although] the ALJ may have flirted with 'playing doctor' in stating the treating specialist's opinion of 15% off task was speculative and the regulations do not require a treating specialist to review the entire record in giving an opinion, the ALJ did not commit outcome determinative error when reviewing the important regulatory § 404.1520c factors of supportability and consistency in finding Dr. Smith's

opinion was not corroborated by the record." Report at 9 (internal quotation marks omitted)(footnotes omitted).

But then, the Magistrate Judge went on to say

> The ALJ supported finding the opinions of Dr. Smith as unpersuasive by reviewing the consistency and supportability factors of 20 C.F.R. § 404.1520c(b),(c), considering some of treatment notes . . . during the relevant period that did not support the severity of the limitations opined and other records were inconsistent with prior reports of daytime sleepiness after being treated for the diagnosis. Under the deferential standard of review applicable here, substantial evidence is not a high threshold. The ALJ here performed the analysis under the applicable regulatory scheme and considered the factors most important to determining the persuasiveness of the opinions. The ALJ cited to the record to support this finding and followed the applicable regulatory law.

Report at 13 (citation omitted).

As such, the Court is unable to agree with Cromer "the Magistrate Judge seemingly agrees with [two] of [her] allegations of ALJ error[.]" Objections at 2. Therefore, the Court will overrule this objection.

Second, Cromer contends the Magistrate Judge erred in his summary of the treatment record, by including a "mix of positive and negative findings and post hoc rationale which do[ ] not substantially support the ALJ's decision." Objections at 2.

There is, indeed, a "mix of positive and negative findings[,]" Objections at 3, in the Magistrate Judge's summary of Cromer's treatment records. That, in the Court's experience, is usually the case.

And, there is often substantial evidence to support either a finding of disability or a finding going the other way. As the Court noted above, "the substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence

would have supported an opposite decision." *Clarke*, 843 F.2d at 272-73 (citations omitted) (internal quotation marks omitted) (alteration omitted).

After reviewing Cromer's records, it was up to the ALJ to weigh the evidence and decide whether she is disabled. It seems Cromer here is asking the Court to reweigh that evidence. But, it is outside the province of this Court to do so. *See Laws*, 368 F.2d at 642 ("It is not within the province of this [C]ourt to determine the weight of the evidence; nor is it [the Court's] function to substitute [its] judgment for that of [the defendant] if [the] decision is supported by substantial evidence.").

As to Cromer's post hoc argument, she fails to point directly to where she thinks the Magistrate Judge employed it. Nevertheless, the Court is unable to say the Magistrate Judge erred here inasmuch as the weight the ALJ afforded to Dr. Smith's opinion is supported by substantial evidence. Therefore, the Court will also overrule this objection.

The remaining objections are so without merit as to make discussion of them unnecessary. Thus, the Court will overrule them, as well.

In sum, the Court has little trouble concluding there is substantial evidence to support the ALJ's conclusion Cromer failed to establish she was disabled under the Act during the relevant time period; the ALJ's decision is detailed enough to permit this Court's review; the ALJ's decision is free from any reversible legal error; and the ALJ's determination is reasonable.

Thus, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Cromer's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court O'Malley's final decision denying Cromer's claim for SSI and upholding the cessation of prior child disability on March 1, 2021, are both **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 8th day of May, 2024, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE